624 So.2d 1300 (1993)
STATE of Louisiana
v.
Spencer David VINCENT.
No. CR93-332.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1993.
*1301 Paul Peter Reggie, Lake Charles, for State of Louisiana.
Homer Carleton Singleton, Jr., Lake Charles, for Spencer David Vincent.
Before STOKER, LABORDE and YELVERTON, JJ.
STOKER, Judge.
On November 18, 1992, defendant, Spencer David Vincent, pled guilty to five counts of indecent behavior with a juvenile, violations of LSA-R.S. 14:81. The trial court sentenced defendant to one year at hard labor on count one, three years at hard labor on count two, three years at hard labor on count three, two years at hard labor on count four, and five years at hard labor on count five. The sentences imposed in counts one, three, and four are to run concurrently with the sentence imposed in count five. The sentence imposed in count two is to run consecutively with the sentence imposed in count five. The recommended sentencing range under the Felony Sentencing Guidelines Grid is fifteen to thirty months and falls within the Intermediate Sanction Zone. Defendant appeals the trial court's upward departure from the recommended sentencing range and sanction zone, alleging two assignments of error:
1. The trial court erred in failing to consider mitigating circumstances; and
2. The trial court erred in departing from the sentencing guidelines on the basis of "aggravating" circumstances, those recited being unsupported and contrary to the facts.

FACTS
Defendant admitted to molesting his stepdaughter, D.L., and four other minor girls who visited D.L. The victims stated that the molestations occurred over a period of three years. Defendant admitted, at least in reference to D.L., that the molestations had been occurring for approximately three years. The trial court stated that at the time several of these offenses commenced, the young girls involved were in the neighborhood of twelve years old. The presentence investigation report (PSI) indicates that the victims' ages could have ranged from eleven or twelve to possibly sixteen at the time of the molestations. Defendant would have been either forty-four or forty-five when the molestations commenced and forty-eight when they ended.

OPINION
Under the Felony Sentencing Guidelines, indecent behavior with a juvenile, a violation of LSA-R.S. 14:81, is a Grid Level "5" crime. Since defendant had no prior criminal history, his criminal history index would be zero, putting him in Grid Level "G." Grid Cell "5G" is in the Intermediate Sanction Zone and provides for a recommended sentence of fifteen to thirty months. Defendant's sentences on counts two, three, and five exceed the maximum sentences provided under Grid Cell "5G," and the court imposed prison incarceration for all of the sentences, rather than intermediate sanctions.
LSA-C.Cr.P. art. 894.1 provides in part:
"A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by *1302 the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
* * * * * *
"C. The court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence."
FSG § 209(A) provides:
"A. Procedure for Departure
1. The designated sentence range provided in the grid is appropriate for a typical case; that is, an offense committed without aggravating or mitigating circumstances.
2. A departure from the designated sentence range occurs whenever the court imposes a sentence which is different from the types of sentences or outside the designated sentence range provided in the zone and cell appropriate to the case.
3. The court should depart from the designated sentence range when sufficient aggravating or mitigating circumstances are present significantly to differentiate the case from the typical case arising under the offense of conviction.
4. When departing from the designated sentence range, the court shall:
a. pronounce a sentence which is proportional to the seriousness of the offense and the offender's criminal history; and
b. state for the record the reasons for the departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor.
5. Reasons for departure from the designated sentence range are appropriate only when such reasons are based on mitigating or aggravating circumstances."
The record reflects that the court did consider the sentencing guidelines in sentencing defendant. However, the court explained that it found aggravating circumstances which were sufficiently significant to warrant a departure from the limits suggested by the guidelines.
Defendant urges that the trial court failed to consider the following mitigating circumstances: (1) at the time of the offenses, to a degree, the victims were willing participants; (2) the offenses were committed while defendant was under the influence of a significant mental or emotional disturbance; and (3) the defendant cooperated with law enforcement authorities with respect to the current convictions.
The record does not reveal that the trial court specifically stated that it considered any mitigating circumstances. However, the factors relied upon by defendant were set forth in the PSI. The court demonstrated familiarity with and referred to the PSI during sentencing.
In any event, the trial court could have properly rejected defendant's contention that the victims were willing participants. The record does not reveal that this was so; indeed, some of the statements of the victims directly contradict defendant's statements in this regard.
The record does support that defendant suffered, among other problems, major depression as well as heart problems. The record also reveals that defendant cooperated with the law enforcement authorities.
However, the appellate court shall not set aside a sentence for failure to impose a sentence in conformity with the sentencing guidelines or for excessiveness if the record supports the sentence imposed. LSA-C.Cr.P. art. 881.4(D). We find that there are aggravating circumstances in this case which support the trial court's upward departure from the guidelines.
In particular, the trial court found as aggravating circumstances that defendant knew the victims were especially vulnerable due to extreme youth, noting that the young girls were in the neighborhood of twelve years old at the time several of these offenses commenced; *1303 defendant used his position as stepfather of D.L. to facilitate the commission of the offense; the offenses resulted in significant permanent injury to the victims and their families; and the defendant was persistently involved in similar offenses not already considered as criminal history, noting that defendant had practiced the same perversions on his biological daughter, J.V.M.
FSG § 209(B)(2) and (9) list in part as aggravating circumstances that the offender knew or should have known that the victim was particularly vulnerable or incapable of resistance due to extreme youth and that the offense resulted in a significant permanent injury to the victim or his family. However, factors which constitute essential elements of the offense of conviction shall not be considered aggravating circumstances. FSG § 209(B).
In State v. Norrell, 614 So.2d 755 (La. App.2d Cir.1993), defendant was convicted of two counts of oral sexual battery and molestation of a juvenile. In departing from the recommended sentencing range, the trial court found several aggravating circumstances, including (1) that the defendant knew or should have known that the victim (a fourteen year old boy) was particularly vulnerable or incapable of resistance due to his extreme youth and lack of experience in life, and (2) that defendant's acts created a risk of grave harm to the boy as such acts could cause him to have perverted sexual orientations.
While affirming the sentences based on other grounds, the Second Circuit held that these factors should not have been considered as aggravating by the trial court. The Second Circuit explained that both oral sexual battery and molestation of a juvenile have as elements of the offense the youth of the victim. The court also explained that the grave risk of harm to the victim there was present in the "typical" case involving oral sexual battery and molestation of a juvenile. The court did state, however, that in some circumstances the age of the victim and the risk of harm posed to him or her may be more aggravated.
Likewise, we find that these factors should not have been considered as aggravating in the case now before us. The offense of indecent behavior with a juvenile necessarily has as an element the youth of the victim, and the victims' ages were not so "extreme" as to allow consideration of this factor standing alone as aggravating. Also, while the record does support that the victims suffered and may continue to suffer due to the offenses committed against them, this suffering does not appear to be "atypical" of the offense of indecent behavior with a juvenile. Unfortunately, this type of harm is "typical" of the offense.
However, we find that the other factors considered by the trial court were aggravating circumstances. FSG § 209B(4) and (12) list in part as aggravating circumstances that the offender used his position or status to facilitate the commission of the offense and that the offender was persistently involved in similar offenses not already considered as criminal history or as part of a multiple offender adjudication.
The PSI reveals that two detectives interviewed defendant. Defendant told the detectives that he would blackmail his stepdaughter (D.L.) into allowing him to molest her by allowing her special privileges, such as going to a ball game, going to a dance, using the family vehicle, etc., if she would let him fondle her. Defendant stated that he would approach this arrangement in the following manner. If his stepdaughter wanted to do something or go somewhere that she was not normally allowed to do by her mother, defendant would overrule the mother's wishes and allow the stepdaughter to go and do whatever she wanted to do; however, the defendant would tell his stepdaughter that "it'll cost you." It is clear that defendant used his status as D.L.'s stepfather to commit the offense against D.L.
Also, defendant's biological daughter, J.V.M., made a statement contained in the PSI that defendant sexually molested her from ages six to twelve. Defendant admitted to molesting J.V.M. He was not convicted for this offense. Defendant advised that after a particular incident with J.V.M., he divorced his wife so that nothing else would happen between him and J.V.M. The trial *1304 court did not err in considering this persistent involvement in similar offenses as an aggravating factor in light of the duration of the molestation of J.V.M. as well as the three year period of molestation of his stepdaughter, D.L., for which he was convicted of only one count of indecent behavior with her. See State v. Tolliver, 621 So.2d 17 (La.App.2d Cir.1993).
Accordingly, we do not find the sentences constitutionally excessive.

DISPOSITION
For the foregoing reasons, we affirm defendant's sentences.
AFFIRMED.