STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

15-1065

STATE OF LOUISIANA

VERSUS

WALTER URENA

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, DOCKET NO. 309,898
HONORABLE JAMES H. BODDIE, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and James T. Genovese, Judges.

Amy, J., concurs and assigns separate reasons.

**AFFIRMED.**

**Dmitrc I. Burnes**
**Burnes, Burnes & Talley**
**Post Office Box 650**
**Alexandria, Louisiana 71309-0650**
**(318) 442-4300**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      Walter Urena

**Phillip Terrell**
**District Attorney—Ninth Judicial District**
**Monica D. Doss, Assistant District Attorney**
**Post Office Drawer 1472**
**Alexandria, Louisiana 71309-1472**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**GENOVESE, Judge.**

After remand for resentencing, Defendant, Walter Urena, is again before this court, appealing his sentence on two of five counts of aggravated incest of which he was convicted. He alleges excessive sentence. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Defendant was initially charged with six counts of aggravated incest[1] (count one concerned alleged victim, J.U.; counts two through six concerned victim, S.L.).[2] Defendant was acquitted of count one but convicted of the remaining five counts for sexually abusing his then five-year-old stepdaughter over a six-year period from 1998 through 2004.

At trial, the jury acquitted Defendant of count one, but convicted him of the remaining five counts as charged. He was sentenced to the maximum of twenty-year terms of imprisonment on counts two and three, to be served consecutively, and ten years on each of the remaining three counts, to be served concurrently with each other and with the two twenty-year terms, for a total sentence of forty years imprisonment. Defendant's convictions were affirmed on appeal; however, while this court affirmed the sentences imposed on counts four, five, and six, this court vacated the sentences on counts two and three and remanded the matter to the trial court for resentencing. *State v. Urena*, 13-1286 (La.App. 3 Cir. 5/7/14), 161 So.3d 701, *writ denied*, 14-1603 (La. 4/10/15), 164 So.3d 829.

---

[1]The offenses of "incest" and "aggravated incest," La.R.S. 14:78 and La.R.S. 14:78.1, were repealed, but incorporated with "crimes against nature" and "aggravated crimes against nature," La.R.S. 14:89 and La.R.S. 14:89.1. 2014 La. Acts No. 177, effective August 1, 2014 and 2014 La. Acts No. 602, effective June 12, 2014.

[2]The initials of the victims are used in accordance with La.R.S. 46:1844(W).

After remand, Defendant was resentenced to ten years as opposed to twenty years imprisonment at hard labor on each of counts two and three, to be served consecutively, but concurrently with the sentences imposed on counts four, five, and six, for a total sentence of twenty years imprisonment, with credit for time served. Defendant filed a "Motion to Reconsider Sentence on Remand Pursuant to C.Cr.P. ART. 881.1." The trial court denied Defendant's motion without a contradictory hearing, but with written reasons.

Defendant is now before this court only appealing the consecutive ten-year sentences on counts two and three, alleging that the total of twenty years imprisonment is constitutionally excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find no actionable errors patent.

## ASSIGNMENTS OF ERROR

Defendant's assignments of error culminate with the contention that all of his sentences should have been ordered to be served concurrently for a total term of imprisonment of ten years. He asserts that the trial court erred when it ordered the ten-year sentences imposed on counts two and three to be served consecutively and that the combined twenty-year sentence is constitutionally excessive. His argument is comprised of the following assertions: 1) the trial court erred when it imposed harsher punishment on counts two and three than the other counts when there was no distinction made among all five counts; 2) the trial court based the consecutive sentences on facts not in evidence; 3) the trial court made an improper *ex post facto* application of the law; 4) and the trial court improperly considered

2

elements of the offense as aggravating factors to support the consecutive sentences in violation of *State v. Vincent*, 624 So.2d 1300 (La.App. 3 Cir. 1993).

This court, in *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, set forth the following standard to be used in reviewing excessive sentence claims:

> [Louisiana Constitution Article 1], § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

In order to decide whether a sentence shocks this court's sense of justice or makes no measurable contribution to acceptable penal goals, this court has stated:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

3

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Louisiana Code of Criminal Procedure Article 883 provides, in pertinent part:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.

"[I]n cases involving offenders without prior felony record, concurrent rather than consecutive sentences should be imposed, particularly where the convictions arise out of the same course of conduct." *State v. Brown*, 627 So.2d 192, 199-200 (La.App. 3 Cir. 1993), *writ denied*, 93-3101 (La. 3/18/94), 634 So.2d 850 (citing *State v. Jacobs*, 383 So.2d 342 (La.1980); *State v. Cox*, 369 So.2d 118 (La.1979)).

> Among the factors to be considered are the defendant's criminal history, *State v. Ortego*, [382 So.2d 921 (La.1980), *cert. denied*, 449 U.S. 848, 101 S.Ct. 135 (1980)]; *State v. Jacobs*, 493 So.2d 766 (La.App. 2d Cir.1986); the gravity or dangerousness of the offense, *State v. Adams*, 493 So.2d 835 (La.App. 2d Cir.1986), *writ denied*, 496 So.2d 355 (La.1986); the viciousness of the crimes, *State v. Clark*, 499 So.2d 332 (La.App. 4th Cir.1986); the harm done to the victims, *State v. Lewis*, 430 So.2d 1286 (La.App. 1st Cir.1983), *writ denied*, 435 So.2d 433 (La.1983); whether the defendant constitutes an unusual risk of danger to the public, *State v. Jett*, 419 So.2d 844 (La.1982); the defendant's apparent disregard for the property of others, *State v. Parker*, 503 So.2d 643 (La.App. 4th Cir.1987); the potential for the defendant's rehabilitation, *State v. Sherer*, 437 So.2d 276 (La.1983); *State v. Lighten,* 516 So.2d 1266 (La.App. 2d Cir.1987); and whether the defendant has received a benefit from a plea bargain, *State v. Jett*, *supra*; *State v. Adams*, *supra*.

*State v. Coleman*, 32,906, p. 42 (La.App. 2 Cir. 4/5/00), 756 So.2d 1218, 1247-48, *writ denied*, 00-1572 (La. 3/23/01), 787 So.2d 1010.

4

In *State v. Dempsey*, 02-1867, p. 5 (La.App. 4 Cir. 4/2/03), 844 So.2d 1037, 1040, *writ denied*, 03-1917 (La. 6/25/04), 876 So.2d 823 (citing *State v. Pittman*, 604 So.2d 172 (La.App. 4 Cir. 1992), *writ denied*, 610 So.2d 796 (La. 1/8/93)), the fourth circuit set forth the standard to be used when considering consecutive sentences for crimes arising out of the same scheme or plan, as follows: "[T]he trial court must articulate particular justification for such a sentence beyond a mere articulation of the standard sentencing guidelines set forth in La.[Code Crim.P.] art. 894.1."

In the instant case, at the resentencing hearing, defense counsel set forth his reasons why the original twenty-year sentences imposed on counts two and three should be reduced to ten years and ordered to be served concurrently with each other and with counts four, five, and six, for a total of ten years imprisonment. The sentencing range for an offense of aggravated incest was five to twenty years. La.R.S. 14:78.1. After hearing argument by defense counsel, the trial court gave an extensive ruling in open court, which addressed primarily its reasoning for ordering the consecutive ten-year sentences on counts two and three.

At the resentencing hearing, the trial court began by reading a portion of this court's prior opinion which set out the facts of the case, as follows:

BY THE COURT:

S.L. was nineteen years old at the time of trial. She recalled that Defendant had moved in with her mother when she was five years old. Starting shortly thereafter, S.L. testified that he would touch her on the breast or vagina, over or under her clothes, or both. She stated it would happen either in her bed or on the couch in the living room. She testified it continued until junior high school; quote, "Sometimes multiple times a week." End of quote. She stated that when he was in bed with her, she was aware of his erect penis.

Although the victim stated she had told a friend about what was occurring when she was fifteen years old, she never told her mother or

5

her father, whom she saw every other weekend, about Defendant's behavior. She testified that at first she did not say anything because she was afraid of where she and her mother would go. She explained that later, she knew what it was like not having a father around and was afraid if she complained, her baby brother would end up without a father also. She further explained that when she was older, she simply told him "no," and he left her alone. Finally, after her mother and Defendant divorced, she never said anything because he was gone, and she no longer had to deal with him. She further testified that he never threatened her in any way not to tell.

After adopting by reference the factors considered at the original sentencing hearing, the trial court noted that Defendant was a first felony offender and stated:

> However, having noted that, I have also noted and will reiterate that the Defendant was the juvenile's stepfather at the time who used his position to prey on this young victim who was under his supervision and control when he committed the offenses. He, thus, violated his sacred obligation to protect and nurture her.
>
> The court also specifically finds that the Defendant deliberately and repeatedly sexually abused the child, which has caused lasting emotional problems. Undoubtedly the victim will carry the scars of what he did to her throughout her life. . . . And whether she will be able to have a relationship with an adult male because of this, I'm certainly not in a position to answer. But if you look at the statistics, problems can and do occur repeatedly because of these type situations.
>
> This sexual abuse occurred from 1998 through 2004 and started when she was five years old. These repeated acts reflected a propensity to prey on one unable to protect herself when so young and vulnerable and the incapacity of resistance given her young age when this started.

The trial court then discussed La.R.S. 14:81.2(C)(1), molestation of a juvenile, noting that "the reason I point this particular statute out is to point out that the legislature has recognized the seriousness, if you will, of the offense when it occurs over a period of time."

The trial court continued:

> In this case, it was approximately a six-year period of time. And because of the psychological and emotional trauma, certainly repeated acts over this lengthy period of time causes that to endure and last, if

6

you will.  Plus, the egregiousness and gravity of the offenses, the vulnerability of the victim, the harm done to the victim in the manner of psychological and emotional trauma and the duration of time over which these events occurred are all factors which have been considered by this court in imposing consecutive sentences. Moreover, notably the Defendant's actions were not part of a single, isolated offense or occurrences nor can it be said that Defendant has accepted responsibility for his actions at least of the time the pre-sentence was composed.

. . . .

Now, I have carefully given the reasons why I think consecutive sentences are appropriate in this case.  That having been said, with respect I have evaluated all of the factors of [the] guidelines, the mandates, whatever you wish to call them, given me by the court of appeal.  And for that reason, I do find that some reduction in sentence is appropriate under the facts and circumstances of this individual case.  But, that having been said, I will point out that I think any lesser sentence than the one to be imposed would deprecate the seriousness of the crime and I do find the Defendant is in need of custodial empowerment. [sic]

### *Excessiveness of the two ten-year sentences served consecutively.*

Defendant argues that the total of twenty years imprisonment is constitutionally excessive, considering that defendants who committed much more egregious sexual acts against juveniles received less than twenty years imprisonment.  He points out that this court, in its prior opinion which vacated and remanded the two consecutive twenty-year sentences, stated that the consecutive sentences were "excessive individually and consecutively under the circumstances of the case and in comparison with similarly situated defendants and offenses." *Urena*, 161 So.3d at 712-13.

7

***1. Imposition of harsher punishment on counts two and three by ordering them to be served consecutively when there was no distinction made among all five counts.***

Defendant questions how counts two and three can be treated more harshly than counts four, five, and six, when there was no distinction between the charges. In the indictment, counts two through six each read:

> **IN THAT HE DID ON OR ABOUT AND BETWEEN THE 1ST DAY OF JANUARY, 1998 AND THE 31ST DAY OF DECEMBER, 2004, commit indecent behavior and/or molestation and/or sexual battery of a juvenile, S.L., DOB 12/17/93, to whom he is related, in violation of R.S. 14:78.1.**

The trial court noted that the victim in this case described only touching on the breast and the vaginal area, both over and under her clothes, sometimes while sitting on the couch and sometimes in her bed. She also testified at trial that Defendant never threatened her.

At the time of the offenses of aggravated incest (La.R.S. 14:78.1), the prohibited acts pertinent to this case included: sexual battery (La.R.S. 14:43.1), which involved a victim under the age of fifteen and the touching of the victim's genitals using any part of the body of the offender; indecent behavior with a juvenile (La.R.S. 14:81), which involved a victim under the age of seventeen and a lewd or lascivious act with the intention of arousing or gratifying the sexual desires of either party; and, molestation of a juvenile (La.R.S. 14:81.2), which involved a victim under the age of seventeen, a lewd or lascivious act, and use of influence by virtue of a position of control or supervision over the victim.

The trial court did not, either at the first sentencing hearing or at the resentencing hearing, specify any instances which made counts two and three more onerous than the remaining three counts. While the trial court referred to the facts

that Defendant was the victim's stepfather, the duration of the acts, the victim's youth, and the psychological harm the victim suffered, these factors could be found in any or all of the remaining counts. Defendant argues that there was no distinction made between any of the five offenses of aggravated incest in this case and that the five offenses constituted a common scheme or plan.

Though there was no specific "distinction" made between any of the five offenses of aggravated incest or any common scheme or plan, the record clearly reveals facts and circumstances in substantiation of the trial court's ruling. Further, we find that the trial court's reasons at resentencing fully support its discretion in imposing the consecutive sentences.

## 2. *The trial court based the consecutive sentences on facts not in evidence.*

Defendant argues that the trial court took facts not in evidence into consideration when it decided to combine two of the ten-year sentences. During the resentencing hearing, the trial court referred to the psychological harm the victim suffered because of Defendant's acts. The trial court stated that "the victim will carry the scars of what he did to her throughout her life. . . . And whether she will be able to have a relationship with an adult male because of this, I'm certainly not in a position to answer." Defendant argues that "there was absolutely zero evidence or testimony to support these comments by the court."

However, the victim testified at trial that she did not reveal what was happening at the time because she was afraid of what would become of her and her mother. She further testified that once her baby brother was born, she was worried that if she told he would find himself without a father, and she knew what it was like not to have a father. She also testified that because of Defendant's actions, she disliked him even hugging her affectionately.

9

It is not required that the record show that the victim actually suffered specific psychological harm after having her childhood distorted by Defendant's behavior. In *State v. Brown*, 27,182 (La.App. 2 Cir. 8/23/95), 660 So.2d 123, the defendant, who pled guilty to indecent behavior of a juvenile, appealed the sentence, which was an upward departure from the sentencing grid. The defendant argued the trial court used as an aggravating circumstance possible psychological harm to the victim. The second circuit noted:

> The extent and duration of psychological injuries, unlike physical injuries, are often incapable of precise determination. Nevertheless, it is well known that child sexual abuse leaves lasting scars that often carry from one generation to the next. Significant permanent injury is a valid aggravating circumstance. La.S.G.[3] § 209(B)(9). It is thus difficult to determine if this victim's psychological injury is a valid circumstance because, to a large extent, such injury seems inherent in the offense.

*Id*. at 126.

In the instant case, the evidence in the record indicated that the victim's childhood was difficult and traumatic, and testimony established that she suffered problems that should not have been in her young life. While the trial court was exuberant in its description of the victim's emotional life following a childhood spent being sexually abused, the trial court did not err in considering the psychological harm to the victim.

### 3. *An improper ex post facto application of the law*.

Defendant contends that the trial court erred when it considered a punishment for an offense he was not charged with. He argues that "most important, is that of making an *ex post facto* application of law." As noted above, while explaining why it was ordering consecutive sentences, the trial court pointed

---

[3]Louisiana Sentencing Guidelines.

10

to the punishment provision of the current statute on molestation of a juvenile (which was listed as one of the prohibited acts in the aggravated incest statute). Defendant argues:

> This is extremely inappropriate in that URENA was not charged with violation of that statute specifically. Furthermore, those portions of the molestation statute which the trial court quoted concerning a punishment of incarceration of five to forty years were not enacted until Act 36 of the 2006 Legislative session, more than two years after the latest time mentioned in the Bill of Indictment.

At the time of the offenses, between January 1998 and December 2004, the statute pertaining to punishment for molestation of a juvenile, La.R.S. 14:81.2(D)(1), provided, in pertinent part:

> Whoever commits the crime of molestation of a juvenile when the incidents of molestation recur during a period of more than one year shall, on first conviction, be fined not more than ten thousand dollars or imprisoned, with or without hard labor, for not less than five nor more than fifteen years, or both.

Currently, La.R.S. 14:81.2(C)(1) provides, in pertinent part:

> Whoever commits the crime of molestation of a juvenile by violating the provisions of Paragraph (A)(1) of this Section, when the incidents of molestation recur during a period of more than one year, shall on first conviction, be fined not more than ten thousand dollars or imprisoned, with or without hard labor, for not less than five nor more than forty years, or both.

The trial court specifically noted that it mentioned the increased punishment range to illustrate the Louisiana legislature's growing concern regarding sexual offenses against children. The trial court was simply explaining its reasoning for ordering the two ten-year sentences to be served consecutively. Furthermore, the individual ten-year sentences did not exceed the maximum sentences that were in effect at the time of the crime. There was no *ex post facto* or legally impermissible application of law.

***4. The trial court improperly considered as aggravating circumstances facts that were elements of the offenses in violation of Vincent, 624 So.2d 1300.***

Defendant argues that in order to justify the consecutive sentences, the trial court considered the facts of the victim's youth and that Defendant was her stepfather. Defendant further argues that these factors are elements of the offense of aggravated incest and that using these factors to enhance the sentences by ordering them to be served consecutively was a violation of *Vincent*, 624 So.2d 1300, wherein the trial court used elements of the offense to justify imposing consecutive sentences.

In *Vincent*, 624 So.2d 1300, the defendant was convicted of five counts of indecent behavior with a juvenile. The trial court ordered the sentences for counts two and five to be served consecutively for a total sentence of eight years. The sentences on the remaining counts were one to three years and were ordered to be served concurrently with each other and with the two consecutive sentences. The recommended sentencing range at the time was fifteen to thirty months. The defendant appealed the trial court's upward departure from the recommended sentencing range, asserting that "[t]he trial court erred in departing from the sentencing guidelines on the basis of 'aggravating' circumstances[.]" *Id.* at 1301. After discussing both state and federal guidelines for sentencing, this court noted:

> In particular, the trial court found as aggravating circumstances that defendant knew the victims were especially vulnerable due to extreme youth, noting that the young girls were in the neighborhood of twelve years old at the time several of these offenses commenced; defendant used his position as stepfather of D.L. to facilitate the commission of the offense; the offenses resulted in significant permanent injury to the victims and their families; and the defendant was persistently involved in similar offenses not already considered as criminal history, noting that defendant had practiced the same perversions on his biological daughter, J.V.M.

[Federal Sentencing Guidelines] § 209(B)(2) and (9) list in part as aggravating circumstances that the offender knew or should have known that the victim was particularly vulnerable or incapable of resistance due to extreme youth and that the offense resulted in a significant permanent injury to the victim or his family. However, factors which constitute essential elements of the offense of conviction shall not be considered aggravating circumstances. FSG § 209(B).

In *State v. Norrell*, 614 So.2d 755 (La.App.2d Cir.1993), defendant was convicted of two counts of oral sexual battery and molestation of a juvenile. In departing from the recommended sentencing range, the trial court found several aggravating circumstances, including (1) that the defendant knew or should have known that the victim (a fourteen year old boy) was particularly vulnerable or incapable of resistance due to his extreme youth and lack of experience in life, and (2) that defendant's acts created a risk of grave harm to the boy as such acts could cause him to have perverted sexual orientations.

While affirming the sentences based on other grounds, the Second Circuit held that these factors should not have been considered as aggravating by the trial court. The Second Circuit explained that both oral sexual battery and molestation of a juvenile have as elements of the offense the youth of the victim. The court also explained that the grave risk of harm to the victim there was present in the "typical" case involving oral sexual battery and molestation of a juvenile. The court did state, however, that in some circumstances the age of the victim and the risk of harm posed to him or her may be more aggravated.

Likewise, we find that these factors should not have been considered as aggravating in the case now before us. The offense of indecent behavior with a juvenile necessarily has as an element the youth of the victim, and the victims' ages were not so "extreme" as to allow consideration of this factor standing alone as aggravating. Also, while the record does support that the victims suffered and may continue to suffer due to the offenses committed against them, this suffering does not appear to be "atypical" of the offense of indecent behavior with a juvenile. Unfortunately, this type of harm is "typical" of the offense.

*Id.* at 1302-03. Ultimately, this court in *Vincent*, 624 So.2d 1300, found other appropriate aggravating factors to support the consecutive sentences that were not elements of the offense.

In the instant case, the trial court considered elements of the offense, the psychological harm the victim suffered because of her youth, and the fact that Defendant, as her stepfather, was supposed to protect her, as aggravating factors to support the imposition of the two ten-year sentences for a total of twenty years imprisonment at hard labor. Accordingly, the issues before this court are whether the trial court erred when it used elements of the offense as aggravating factors in violation of *Vincent*, 624 So.2d 1300, and whether the total of twenty years imprisonment was excessive under the circumstances of this case.

As noted above, elements of the offense cannot be used to enhance a sentence of imprisonment by making two sentences run consecutively unless the specific element of the offense considered by the trial court is so egregious that it is not typical of the offense. In *State v. Walker*, 96-112 (La.App. 3 Cir. 6/5/96), 677 So.2d 532, *writ denied*, 96-1767 (La. 12/6/96), 684 So.2d 924, the defendant was convicted of aggravated oral sexual battery. He was sentenced to the maximum sentence of twenty years imprisonment, with the sentence to be served consecutively with two other sentences he was serving for aggravated crime against nature and oral sexual battery, a nine-year sentence and a five-year sentence to be served concurrently. The defendant argued that all the sentences should be served concurrently. He contended that the trial court erred when it considered as aggravating factors that the victim was particularly vulnerable because of her youth and that the offense was serious and caused a grave risk of harm to the victim. This court discussed what constituted sufficient aggravating factors upon which to base consecutive sentences, as follows:

> In addressing defendant's contention that the victim's age is an element of the crime, we note that in *State v. Vincent*, 624 So.2d 1300 (La.App. 3 Cir.1993), this court affirmed the sentences. Citing *State*

14

*v. Norrell*, 614 So.2d 755 (La.App. 2 Cir.1993), this court found that the age of the victims, ranging in age from eleven to sixteen years old, and the harm caused to them should not have been considered as aggravating factors:

> The offense of indecent behavior with a juvenile necessarily has as an element the youth of the victim, and the victims' ages were not so "extreme" as to allow consideration of this factor standing alone as aggravating. Also, while the record does support that the victims suffered and may continue to suffer due to the offenses committed against them, this suffering does not appear to be "atypical" of the offense of indecent behavior with a juvenile. Unfortunately, this type of harm is "typical" of the offense.

*Vincent*, 624 So.2d at 1303.

In *Norrell*, 614 So.2d 755, the defendant was convicted of two counts of oral sexual battery and molestation of a juvenile. In departing from the recommended sentencing range, the trial judge found several aggravating circumstances, including: (1) that the defendant knew or should have known that the victim, a fourteen year old boy, was particularly vulnerable or incapable of resistance due to his extreme youth and lack of experience in life, and (2) that defendant's acts created a risk of grave harm to the boy as such acts could cause him to have perverted sexual orientations.

While affirming the sentences based on other grounds, the second circuit, citing Federal Sentencing Guidelines, § 209(B), held that "[f]actors which constitute essential elements of the offense of conviction or separate offense(s) for which defendant was convicted and sentenced shall not be considered aggravating circumstances." *Id.* at 757. The second circuit also explained that the grave risk of harm to the victim was present in the "typical" case involving oral sexual battery and molestation of a juvenile. The second circuit did state, however, that in some circumstances the age of the victim and the risk of harm posed to him may be more aggravating.

In *State v. Brown*, 27,182, pp. 4-5 (La.App. 2 Cir. 8/23/95); 660 So.2d 123, 126, the second circuit revisited its prior holding in *Norrell*, 614 So.2d 755:

> In this case, the victim was only ten years old. Common experience tells us that there is a vast difference in the mental and physical maturity of an adolescent teenager, as in the *Norrell* case, and a pre-adolescent child like the victim in this case. Whether technically an

15

> aggravating factor or not, the instant child's tender age is an appropriate consideration for the trial court.
>
> . . . .
>
> The present case is more analogous to this court's holding in *Brown*, 627 So.2d 192, in that this victim is under the age of twelve. Although this factor is an element of the crime, the trial court considered it as an aggravating factor. Because of this victim's tender age, the risk of harm posed to her is more aggravated than in the typical case. Thus, we find that the trial court's consideration of the age of the victim and the harm caused her, though not technically aggravating factors, was not improper.

*Id*. at 536-57 (alterations in original).

In the instant case, Defendant argues that the victim's "youth" was an element of the offenses and therefore cannot be considered as an aggravating circumstance. He further argues there was no evidence of physical harm and points out that there was no testimony that the victim suffered any actual psychological harm. However, the trial court discussed at resentencing the psychological harm done to the victim. The trial court noted that the acts of sexual abuse occurred over a long period of time and that the Louisiana legislature recently chose to increase the range of punishment for sexual offenses against children that last longer than a year, indicating that long term sexual abuse merits a harsher punishment.

Considering the trial court's articulation of the vulnerability of the victim due to her youth, since she was five when the abuse started, and the fact the abuse continued until she was twelve years old, which added to the inevitable psychological harm inflicted by her stepfather, we find these factors were "atypical" and, as such, were justification for imposing the two ten-year sentences, for a total of twenty years imprisonment. Accordingly, we affirm the sentences as imposed by the trial court.

## DISPOSITION

Defendant's sentences are affirmed.

**AFFIRMED.**

NUMBER 15-1065

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

WALTER URENA

AMY, J., concurring.

I agree with the majority that an affirmation is appropriate in this case. However, I further note that La.Code Crim.P. art. 883 orders that the terms of imprisonment for convictions for "two or more offenses *based on the same act or transaction* . . . shall be served concurrently unless the court expressly directs that some or all be served consecutively." (Emphasis added.) In this case, the defendant was convicted of separate offenses that occurred over a multi-year span. Notwithstanding the trial court's articulation of the circumstances of the offenses, I find that application of Article 883, alone, supports the trial court's order that the sentences be served consecutively. Simply, the offenses were not "based on the same act or transaction." *Id.*