# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**18-790**

**STATE OF LOUISIANA**

**VERSUS**

**KENNY ROY YOUNG**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 61768
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Candyce G. Perret, and Jonathan W. Perry, Judges.

**AFFIRMED.**

**Annette Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Kenny Roy Young**

**Hon. Keith A. Stutes**
**Lafayette Parish DA**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana**

**Ted L. Ayo**
**Assistant District Attorney**
**100 North State Street, Ste. 215**
**Abbeville, LA 70510**
**(337) 898-4320**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana**

**SAVOIE, Judge.**

On May 9, 2017, a Vermilion Parish Grand Jury charged Defendant, Kenny Roy Young, by bill of indictment with five counts of oral sexual battery, in violation of La.R.S. 14:43.3, and five counts of felony carnal knowledge of a juvenile, in violation of La.R.S. 14:80. All ten charges were alleged to have occurred between December 1, 2015, and December 31, 2016, and involved the same juvenile victim, K.V.[1], whose date of birth is July 8, 2002.

On March 22, 2018, Defendant pled guilty as charged to three counts of oral sexual battery and three counts of felony carnal knowledge of a juvenile. The remaining four counts of the indictment were dismissed. No sentencing recommendation was made, and a Pre-Sentence Investigation (PSI) was ordered.

On May 25, 2018, the trial court had a sentencing hearing for Defendant, wherein the only witness to testify was Cindy Abshire, who is K.V.'s mother and Defendant's former girlfriend. At that time, the State recommended a minimum sentence of twenty years, while defense counsel requested that the sentence be less than the maximum for any count, with all sentences to run concurrently, and that Defendant receive sex offender treatment while incarcerated. Furthermore, defense counsel had previously filed a sentencing memorandum, which asked for "a sentence of two years at hard labor and that he be recommended for sex offender treatment while in Department of Corrections['] custody."

The trial court expressed that it was "quite disturbed by the facts presented in th[e] pre-sentence investigation[,]" noting Defendant groomed the victim and that K.V. would "feel this effect for the rest of her life[.]" The trial court noted the

---

[1]In accordance with La.R.S. 46:1844(W), the victim will be referred to by her initials, given that she is both a juvenile and the victim of a sex offense.

abuse was ongoing for about a year. The trial court then sentenced Defendant to seven years at hard labor without benefits on each count of oral sexual battery, with those sentences to run concurrently to each other. Defendant was also sentenced to five years at hard labor for each count of felony carnal knowledge of a juvenile, with those sentences to run concurrently to each other and consecutively to the oral sexual battery sentences. Thus, Defendant received a total sentence of twelve years at hard labor, the first seven of which are without benefits. Defendant is also required to register as a sex offender for twenty-five years after his release.

On June 15, 2018, defense counsel filed a Motion to Reconsider Sentence, arguing Defendant's sentences were excessive in light of mitigating factors and again asking for a two-year sentence. On August 2, 2018, the trial court held a hearing on the Motion to Reconsider. The trial court denied the motion noting the following:

> The mother of the child testified at the hearing. I said it then and I will say it again today. I think [Defendant] took advantage of the mother as well as the child that was in -- somewhat in his control and was a master of manipulation and used his skills to fulfill his own sexual deviancy and sexual desires, which is illegal, immoral, and disgusting.
>
> And I think that his original sentence handed down on May 25th is appropriate. And the more I think about it, the more I probably should have handed down a much harsher sentence.
>
> However, twelve years is not excessive, considering that this was a repeated offense that happened on different days and this was an ongoing relationship where he took advantage of such a young child who will pay for this for the rest of her life. So motion denied.

Defendant now appeals his sentences, arguing the lengths of the sentences are excessive and that the trial court erred in running his felony carnal knowledge of a juvenile sentences consecutively to his oral sexual battery sentences. For the following reasons, we affirm.

2

## FACTS

The State gave the following factual basis for the oral sexual battery

charges:

> Your Honor, on Mr. Kenny Young, the State would show, under Docket No. 61768, that between the dates of December 1st of 2015 and December 31st of 2016, on three different counts, he intentionally touched the anus or genitals of K.B. [sic], whose date of birth is 7-8-2002, by using his mouth or tongue or touching the offender with -- and she was not the spouse of the offender, and she was under the age of 15 and was at least three years younger than me [sic]. And this occurred in Vermilion Parish, Your Honor.

With regard to the felony carnal knowledge of a juvenile charges, the State

gave the following: "And Your Honor, he also had three counts of having sexual

intercourse, with consent, with the same victim, whose date of birth is July 8, 2002,

a person who is 13 years of age or older but less than 17. And this also occurred

here in Vermilion Parish."

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for

errors patent on the face of the record. After reviewing the record, we find that

there is one error patent involving the sentences imposed for felony carnal

knowledge of a juvenile.

The trial court imposed illegally lenient sentences for Defendant's guilty

pleas to three counts of felony carnal knowledge of a juvenile. The penalty

provision for felony carnal knowledge of a juvenile requires the trial court to order

the seizure and impoundment of any personal property used in the commission of

the offense. La.R.S. 14:80(D)(2). The trial court failed to impose such an order in

the present case. Thus, the sentences imposed for felony carnal knowledge of a

juvenile are illegally lenient. However, because the issue was not raised as an

3

error, we will take no action related to this issue on appeal. *See State v. Aguillard*, 17-798 (La.App. 3 Cir. 4/11/18), 242 So.3d 765, *writ denied*, 18-1207 (La. 3/6/19), --So.3d--; *State v. Goodeaux*, 17-441 (La.App. 3 Cir. 11/2/17), 231 So.3d 124, *writ denied*, 17-2143 (La. 9/14/18), 252 So.3d 488; *State v. Celestine*, 11-1403 (La.App. 3 Cir. 5/30/12), 91 So.3d 573; and *State v. Smith*, 10-830 (La.App. 3 Cir. 2/9/11), 58 So.3d 964, *writ denied*, 11-503 (La. 9/30/11), 71 So.3d 279.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, Defendant contends his sentences are excessive because "they are nothing more than cruel and unusual punishment." Defendant's argument is based upon a claim that the trial court failed to consider mitigating factors and concluded, as Defendant believes, that "[l]esser terms of imprisonment without benefit of probation, parole, or suspension of sentence on the oral sexual battery offenses and probated sentences on the felony carnal knowledge of a juvenile offenses with special conditions of probation to include treatment programs would best serve the community and Appellant." Defendant argues the trial court failed to give proper consideration to the fact that he is a first felony offender, admitted to police that he had had sexual intercourse with the victim, pled guilty, and had a long history of working hard and helping support those around him, including family, neighbors, and members of his church while young.

Louisiana courts have laid out the following guidelines regarding a review for excessive sentence:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-

838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002,

1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

5

Furthermore, in *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *and writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three factor test from *State v. Lisotta*, 98-648, (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, which established that an appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes.

*NATURE OF THE CRIMES*

At the time of the offenses, oral sexual battery was defined under La.R.S. 14:43.3:

> A. Oral sexual battery is the intentional touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender, or the touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim, when any of the following occur:
>
> (1) The victim, who is not the spouse of the offender, is under the age of fifteen years and is at least three years younger than the offender.

The maximum sentence for such oral sexual battery was ten years imprisonment with or without hard labor and without the benefit of probation, parole, or suspension of sentence under La.R.S. 14:43.3(C)(1). Additionally, felony carnal knowledge of a juvenile was defined as occurring under La.R.S. 14:80(A) when:

> (1) A person who is seventeen years of age or older has sexual intercourse, with consent, with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater[.]

The maximum sentence for felony carnal knowledge of a juvenile is a $5000 fine, or ten years imprisonment with or without hard labor, or both under La.R.S. 14:80(D)(1).

Both offenses for which Defendant pled guilty involved the use of a juvenile victim, in this case the thirteen-to-fourteen-year-old daughter of Defendant's girlfriend, to satisfy Defendant's own sexual desires. Additionally, the trial court specifically found Defendant groomed the juvenile by slowly escalating the contact, which occurred when Defendant was left to babysit the victim.[2]

*NATURE AND BACKGROUND OF DEFENDANT*

Defendant's primary argument regarding his sentences is that the trial court failed to consider mitigating factors regarding his nature and background. As noted by Defendant, the supreme court listed the following as factors that should be considered by a trial court in particularizing a sentence:

> The factors the trial judge should consider include the defendant's personal history (e.g. age, marital status, dependents, family stability, employment, mental, emotional, and physical health); the defendant's prior criminal record; the seriousness of the crime; the circumstances of the offense; the likelihood that defendant will commit another crime; and his potential for rehabilitation through correctional services other than confinement.

*State v. Crawford*, 410 So.2d 1076, 1078-79 (La.1982).

Defendant was in his mid-thirties when he began dating K.V.'s mother and subsequently began abusing K.V., who was thirteen when contact between the two began. Defense counsel's sentencing memorandum included letters from Defendant's mother, two sisters, and his brother, which were accepted by the trial

---

[2] We note that the State attempts to direct this court to lewd text messages between Defendant and the victim; however, since those text messages do not appear in the record, they are not properly before this court for consideration.

court prior to sentencing. The memorandum includes the following regarding the mitigating factors indicative of his nature that Defendant would like considered:

> [Defendant] respectfully requests that the court, in sentencing him, look beyond his offense. He is more than a convicted felon. He is the loving son who took his mother in after she was widowed, and intends to do so again after he is released from incarceration, so he can care for her as she ages. He is the sibling who was always there for his brother and sisters. He is a man who has struggled with addiction, but has resolved to become a better, healthier, sober person going forward.

The trial court's view of Defendant's nature, however, was rather different. It stated as follows:

> While his mother and sister and brother claim that he was a good son and a good brother, I don't dispute that. However, he was also a good sexual deviant and he took a child's innocence, a child who will feel this effect for the rest of her life and who is already feeling it right now, as the mother testified, having to go back to counseling.

> In the pre-sentence investigation, the victim statement shows and corroborates the mother's testimony today, how the victim in this case has become socially withdrawn and is struggling as a result of Mr. Young's actions, a man that she called Poppa or Poppa Bear. He used a child that he treated like a daughter for his own sexual gratification. That is a heinous crime.

*SENTENCES IMPOSED FOR SIMILAR CRIMES*

Although Defendant cites the factors provided in *Lisotta,* 745 So.2d 1183, which were adopted by this court in *Baker*, 956 So.2d 83, he provides no case law to support his assertion that he should receive lesser sentences than what he received. In *State v. Hotoph*, 99-243 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036, *writ denied*, 99-3477 (La. 6/30/00), 765 So.2d 1062, *and writ denied*, 00-150 (La. 6/30/00), 765 So.2d 1066, the fifth circuit upheld concurrent fifteen-year sentences for a first offender convicted of aggravated incest and two counts of oral sexual

battery.[3] The *Hotoph* court noted the defendant faced a maximum of fifty years imprisonment if his sentences had been ordered to run consecutively, or twenty years imprisonment for concurrent sentences. Similarly, we note that had Defendant in the instant case been convicted of all ten counts with which he was originally charged, with the sentences running consecutively, he would have faced a maximum sentence of one-hundred years imprisonment, fifty without benefits. If the sentences were to run concurrently, Defendant faced a maximum of ten years imprisonment without benefits. However, the State's dismissal of four of the charges against Defendant as part of the plea agreement lowered Defendant's maximum possible sentencing exposure from one hundred years, fifty without benefits, to sixty years, thirty without benefits. Defendant ultimately received twelve years imprisonment, seven without benefits.

In *State v. Anderson*, 95-1688, p. 4 (La.App. 3 Cir. 5/8/96), 677 So.2d 480, 483, this court stated:

> To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice, or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. *State v. Campbell,* 404 So.2d 1205 (La.1981); *State v. Everett,* 530 So.2d 615 (La.App. 3 Cir.1988), *writ denied,* 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *State v. Howard,* 414 So.2d 1210 (La.1982).

Although Defendant's seven-year sentences for oral sexual battery are on the higher end of the ten-year sentencing range, and Defendant's five-year sentences for felony carnal knowledge of a juvenile are mid-range sentences, we cannot say

---

[3] We note that oral sexual battery previously carried a maximum sentence of fifteen years, rather than its current ten-year maximum.

the trial court's sentences represent an abuse of discretion. As noted by the trial court, Defendant was thirty-five when he began inappropriate physical contact with the then thirteen-year-old victim, which contact got progressively worse and lasted for roughly a year. Although Defendant argues a lesser sentence would be better for everyone, the relevant question is "whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." *Cook*, 674 So.2d at 959, *quoting State v. Humphrey,* 445 So.2d 1155, 1165 (La.1984). We find that this assignment of error lacks merit.

## ASSIGNMENT OF ERROR NO. 2

In his second and final assignment of error, Defendant contends the trial court erred in running his sentences for oral sexual battery consecutively with his sentences for felony carnal knowledge of a juvenile. As noted by Defendant in his brief to this court, La.Code Crim.P. art. 883 permits a trial court to order consecutive sentences even for crimes that are part of a common scheme or plan:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

In *State v. Urena*, 15-1065, pp. 4-5 (La.App. 3 Cir. 4/6/16), 215 So.3d 813, 817, *writ denied*, 16-1209 (La. 5/19/17), 219 So.3d 336, this court noted the following with regard to consecutive sentences for a first-time offender:

> "[I]n cases involving offenders without prior felony record, concurrent rather than consecutive sentences should be imposed, particularly where the convictions arise out of the same course of conduct." *State v. Brown,* 627 So.2d 192, 199–200 (La.App. 3 Cir.1993), *writ denied,* 93–3101 (La.3/18/94), 634 So.2d 850 (citing

10

*State v. Jacobs,* 383 So.2d 342 (La.1980); *State v. Cox,* 369 So.2d 118 (La.1979)).

> Among the factors to be considered are the defendant's criminal history, *State v. Ortego,* [382 So.2d 921 (La.1980), *cert. denied,* 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980)]; *State v. Jacobs,* 493 So.2d 766 (La.App. 2d Cir.1986); the gravity or dangerousness of the offense, *State v. Adams,* 493 So.2d 835 (La.App. 2d Cir.1986), *writ denied,* 496 So.2d 355 (La.1986); the viciousness of the crimes, *State v. Clark,* 499 So.2d 332 (La.App. 4th Cir.1986); the harm done to the victims, *State v. Lewis,* 430 So.2d 1286 (La.App. 1st Cir.1983), *writ denied,* 435 So.2d 433 (La.1983); whether the defendant constitutes an unusual risk of danger to the public, *State v. Jett,* 419 So.2d 844 (La.1982); the defendant's apparent disregard for the property of others, *State v. Parker,* 503 So.2d 643 (La.App. 4th Cir.1987); the potential for the defendant's rehabilitation, *State v. Sherer,* 437 So.2d 276 (La.1983); *State v. Lighten,* 516 So.2d 1266 (La.App. 2d Cir.1987); and whether the defendant has received a benefit from a plea bargain, *State v. Jett, supra*; *State v. Adams, supra.*

*State v. Coleman,* 32,906, p. 42 (La.App. 2 Cir. 4/5/00), 756 So.2d 1218, 1247–48, *writ denied,* 00–1572 (La.3/23/01), 787 So.2d 1010.

> In *State v. Dempsey,* 02–1867, p. 5 (La.App. 4 Cir. 4/2/03), 844 So.2d 1037, 1040, *writ denied,* 03–1917 (La.6/25/04), 876 So.2d 823(citing *State v. Pittman,* 604 So.2d 172 (La.App. 4 Cir.1992), *writ denied,* 610 So.2d 796 (La.1/8/93)), the fourth circuit set forth the standard to be used when considering consecutive sentences for crimes arising out of the same scheme or plan, as follows: "[T]he trial court must articulate particular justification for such a sentence beyond a mere articulation of the standard sentencing guidelines set forth in La.[Code Crim.P.] art. 894.1."

In *Urena,* 215 So.3d 813, the defendant was convicted of five counts of aggravated incest involving inappropriate touching of his stepdaughter, beginning when she was five years old and continuing until she was in junior high school. He ultimately received a ten-year sentence on each count, with the first two counts to run consecutively, and the remainder to run concurrently, for a total of twenty years at hard labor. The defendant challenged the total length of his sentence,

arguing the combined twenty years was excessive. Although this court recognized the convictions arose out of the same course of conduct, it nonetheless found the trial court's stated reasoning was sufficient to justify the consecutive sentences and twenty years total incarceration. Amongst the reasons considered were the following:

> After adopting by reference the factors considered at the original sentencing hearing, the trial court noted that Defendant was a first felony offender and stated:
>
>> However, having noted that, I have also noted and will reiterate that the Defendant was the juvenile's stepfather at the time who used his position to prey on this young victim who was under his supervision and control when he committed the offenses. He, thus, violated his sacred obligation to protect and nurture her.
>>
>> The court also specifically finds that the Defendant deliberately and repeatedly sexually abused the child, which has caused lasting emotional problems. Undoubtedly the victim will carry the scars of what he did to her throughout her life . . . . And whether she will be able to have a relationship with an adult male because of this, I'm certainly not in a position to answer. But if you look at the statistics, problems can and do occur repeatedly because of these type situations.
>>
>> This sexual abuse occurred from 1998 through 2004 and started when she was five years old. These repeated acts reflected a propensity to prey on one unable to protect herself when so young and vulnerable and the incapacity of resistance given her young age when this started.
>
> The trial court then discussed La.R.S. 14:81.2(C)(1), molestation of a juvenile, noting that "the reason I point this particular statute out is to point out that the legislature has recognized the seriousness, if you will, of the offense when it occurs over a period of time."
>
> The trial court continued:
>
>> In this case, it was approximately a six-year period of time. And because of the psychological and emotional trauma, certainly repeated acts over this lengthy period of

time causes that to endure and last, if you will. Plus, the egregiousness and gravity of the offenses, the vulnerability of the victim, the harm done to the victim in the manner of psychological and emotional trauma and the duration of time over which these events occurred are all factors which have been considered by this court in imposing consecutive sentences. Moreover, notably the Defendant's actions were not part of a single, isolated offense or occurrences nor can it be said that Defendant has accepted responsibility for his actions at least of the time the pre-sentence was composed.

*Urena*, 215 So.3d at 818-19.

Like the defendant in *Urena*, the trial court in the instant case specifically found Defendant violated his position of trust over the victim, who was the teenage daughter of his then-girlfriend. Furthermore, the trial court noted the victim was undergoing counseling as a result of Defendant's action. Finally, the trial court specifically noted it found that Defendant "groomed" the victim over time, initially just fondling her when she was thirteen and eventually having sexual intercourse with her by the time she was fourteen. Therefore, we disagree with Defendant's argument that "[t]he trial court failed to articulate sufficient reasons why it chose to order the oral sexual battery sentences to be served consecutively to the sentences imposed for felony carnal knowledge of a juvenile. Resentencing is necessary."

As noted by the *Urena* court, the factors relevant to instituting consecutive sentences include the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victim, and the benefit to Defendant of a plea agreement. As previously discussed, Defendant's plea agreement lowered his total sentencing exposure in the event of consecutive sentences. Furthermore, the trial court clearly considered the gravity of the offense and the harm done to the victim, specifically calling Defendant's actions "a heinous crime." Despite Defendant's status as a first offender, we cannot say that the trial court erred in running

13

Defendant's sentences for oral sexual battery consecutively to his sentences for felony carnal knowledge of a juvenile where the trial court articulated its reasoning, particularly in light of this court's ruling in *Urena*.

## CONCLUSION

For the reasons set forth above, we affirm Defendant's convictions and sentences.

**AFFIRMED.**