21 So.3d 1022 (2009)
STATE of Louisiana, Appellee
v.
James BOUDREAUX, Appellant.
No. 44,502-KA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 2009.
*1023 Louisiana Appellate Project by Peggy J. Sullivan, Monroe, for Appellant.
James Boudreaux Pro Se.
*1024 Jerry L. Jones, District Attorney, Cynthia P. Lavespere, Assistant District Attorney, for Appellee.
Before BROWN, GASKINS & PEATROSS, JJ.
PEATROSS, J.
Defendant, James Boudreaux, appeals his second sentence imposed following his plea of guilty on 14 charges of video voyeurism. We affirm.

FACTS AND SENTENCING BACKGROUND
Defendant was charged with 14 counts of video voyeurism. Pursuant to a plea agreement, Defendant pled guilty to those charges and was sentenced to serve 14 consecutive sentences of 4 years, for a total term of 56 years' imprisonment, at hard labor without benefits. Defendant appealed and this court found Defendant's sentence to be constitutionally excessive. State v. Boudreaux, 41,660 (La.App. 2d Cir.12/13/06), 945 So.2d 898, writ denied, 07-0058 (La.11/2/07), 966 So.2d 591. The sentence was reversed and the case was remanded for resentencing. Id. On resentencing, the trial judge imposed three consecutive sentences of 5 years' imprisonment at hard labor without benefit of parole, probation or suspension of sentence on counts 3, 9 and 12. On the remaining 11 counts, the trial judge imposed concurrent sentences of 3 years' imprisonment at hard labor without benefits. Defendant received a total sentence of 15 years' imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Defendant was also fined $2,500 and, in default, 9 months or in lieu of jail time, 400 hours of community service.
Defendant filed two pro se motions to reconsider sentence, both of which were denied as untimely, and this appeal ensued. Counsel for Defendant on appeal asserts that the sentence imposed is constitutionally excessive. Defendant has filed a pro se brief alleging that the trial court erred in imposing consecutive sentences as there was no factual basis for the sentences, that the sentences are constitutionally excessive and that the trial court erred by increasing his sentence on three of the counts against him.

DISCUSSION
Counsel for Defendant argues that the consecutive sentences imposed in this instance are excessive in that Defendant's actions formed a part of a single scheme or plan. Defendant, pro se, also contends that his sentence is constitutionally excessive as the punishment is grossly disproportionate to the offenses. In addition, Defendant argues that the record does not support a factual basis for the imposition of consecutive sentences. In response, the State supports the sentence, emphasizing that Defendant is a third-felony offender who received a great benefit through a generous plea agreement that allowed him to be spared sentencing as a habitual offender. We agree.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d 890, writ denied, 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical *1025 compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La. App. 2d Cir.1/28/04), 865 So.2d 284, writs denied, 04-0834 (La.3/11/05), 896 So.2d 57 and 04-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2d Cir.4/22/04), 873 So.2d 747, writ denied, 04-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277, writ denied, 07-0144 (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App. 2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La. App. 2d Cir.4/2/97), 691 So.2d 864.
The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La.App. 2d Cir.1/26/05), 892 So.2d 710.
When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883. Concurrent sentences arising out of a single course of conduct are not mandatory. State v. Derry, 516 So.2d 1284 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La. 1988). It is within a trial court's discretion to order sentences to run consecutively rather than concurrently. State v. Johnson, 42,323 (La.App. 2d Cir.8/15/07), 962 So.2d 1126.
A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence or record. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. State v. Johnson, supra; State v. Boudreaux, supra; State v. Mitchell, 37,916 (La.App. 2d Cir.3/3/04), 869 So.2d 276, writ denied, 04-0797 (La.9/24/04), 882 So.2d 1168, cert. denied, 543 U.S. 1068, 125 S.Ct. 905, 160 L.Ed.2d 801 (2005).
Among the factors to be considered are the defendant's criminal history, State v. Ortego, 382 So.2d 921 (La.1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); State v. Jacobs, 493 So.2d 766 (La.App. 2d Cir.1986); the gravity *1026 or dangerousness of the offense, State v. Adams, 493 So.2d 835 (La.App. 2d Cir. 1986), writ denied, 496 So.2d 355 (La. 1986); the viciousness of the crimes, State v. Clark, 499 So.2d 332 (La.App. 4th Cir. 1986); the harm done to the victims, State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir. 1983), writ denied, 435 So.2d 433 (La. 1983); whether the defendant constitutes an unusual risk of danger to the public, State v. Jett, 419 So.2d 844 (La.1982); the potential for the defendant's rehabilitation, State v. Sherer, 437 So.2d 276 (La.1983); State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987); and whether the defendant has received a benefit from a plea bargain, State v. Jett, supra; State v. Adams, supra.
Absent a defendant's assertion that he was falsely or mistakenly charged with an offense, the sentencing court may consider a dismissed charge as part of the defendant's criminal history, even when the dismissal forms part of the plea agreement. State v. Pamilton, 43,112 (La.App. 2d Cir.3/19/08), 979 So.2d 648, writ denied, 08-1381 (La.2/13/09), 999 So.2d 1145, citing State v. Cook, 466 So.2d 40 (La.App. 2d Cir.1985); State v. Daley, 459 So.2d 66 (La.App. 2d Cir.1984), writ denied, 462 So.2d 1264 (La.1985).
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Germany, 43,239 (La.App. 2d Cir.4/30/08), 981 So.2d 792; State v. Black, 28,100 (La.App. 2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App. 2d Cir.5/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App. 2d Cir.1/28/04), 865 So.2d 280, writ denied, 04-0597 (La.9/24/04), 882 So.2d 1165.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Swayzer, 43,350 (La. App. 2d Cir.8/13/08), 989 So.2d 267; State v. Shumaker, supra.
A substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the most serious offense originally charged, is a legitimate consideration in sentencing. State v. Burgess, 42,310 (La.App. 2d Cir.9/12/07), 965 So.2d 621; State v. Ross, 35,552 (La.App. 2d Cir.2/27/02), 811 So.2d 176.
During the sentencing hearing, the trial judge noted several factors that were considered in determining Defendant's sentence. The court indicated that the factors considered in the earlier sentencing were to be adopted by reference. The trial judge further noted that Defendant would be classified as a second-felony offender for habitual offender purposes had he been charged as a multiple offender. The trial judge also noted that Defendant was charged with committing crimes against only one victim, when, in fact, there were multiple victims. The trial judge indicated that he considered the fact that Defendant received the benefit of a plea bargain and that there were other video tapes that were not viewed and that could have led to additional charges against him.
In finding that consecutive sentences were warranted for 3 of the 14 counts to which Defendant pled guilty, the trial court found as to count 3 that there were at least eight nude images contained in the *1027 tape that related to this count. With regard to count 9, the trial judge opined that this count was "especially heinous" as Defendant was seen placing the victim's panties up to his nose while he masturbated. The trial judge found that this act was evidence of Defendant's lustful disposition towards his stepdaughter. As to count 12, the trial judge found that there were two or more images involving a separate victim. The court also opined that Defendant's actions were not part of a single offense or occurrence.
The trial judge also stated that he considered the victim's impact statement wherein she indicated that her trust had been destroyed because of the actions of Defendant. Based on his review of the tapes created by Defendant, the trial judge concluded that there were approximately 32 separate images that had not been charged. Defendant's remorse, as well as his acceptance of responsibility for the crime, evidenced by his guilty plea, were also factors the trial judge reviewed. The court noted that Defendant's explanation for placement of the video camera as a security measure did not seem plausible and security of the home could have been accomplished by placement of the cameras in an alternate location.
Defendant's prior criminal history, as well as his work history, were also reviewed by the court. The trial judge noted that Defendant had an excellent work history and that he had come from "a good family."
We conclude that the sentences imposed are not constitutionally excessive. The imposition of consecutive sentences for 3 of the 14 counts was well within the discretion of the trial judge. The trial judge considered the appropriate factors in determining these sentences. The court also reviewed the gravity or dangerousness of the offense opining that the potential for harm based on a responsive or retaliatory reaction to Defendant and others existed as a result of the video tapes being made. The trial judge indicated that he believed Defendant's actions were heinous in that he perpetrated the crimes against a family member and that the harm done to the victim was readily apparent in that she had to alter her life plans because of the embarrassment caused by the incident.
We further find that the trial court clearly articulated his reasons for the imposition of the consecutive sentences in this instance. The sentences imposed are within the statutory limits, and Defendant's sentencing exposure was substantially reduced as a result of his plea agreement.

CONCLUSION
For the foregoing reasons, the sentence of Defendant, James Boudreaux, is affirmed.
AFFIRMED.