# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**23-22**


**STATE OF LOUISIANA**

**VERSUS**

**O'SHAY DEVAN HICKS**

**\*\*\*\*\*\*\*\*\*\***

ON APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-23019
HONORABLE LAYLA B. SYLVESTER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Gary J. Ortego, Judges.


**AFFIRMED.**

Paula C. Marx
Louisiana Appellate Project
P. O. Box 82389
Lafayette, LA 70598-2389
(337) 991-9757
**COUNSEL FOR DEFENDANT APPELLANT**:
    O'Shay Devan Hicks

Hon. Billy J. Harrington
District Attorney
Tenth Judicial District
J. Chris Gullet
Assistant District Attorney
P. O. Box 838
Natchitoches, LA 71457
(318) 457-2214
**COUNSEL FOR APPELLEE**:
    State of Louisiana

**PERRY, Judge.**

The issue in this case is whether the imposition of a thirty year sentence for forcible rape and fifteen years at hard labor for each of two counts of second degree kidnapping, all served consecutively and without benefits, constitutes an excessive sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

As outlined later in this opinion, this case has been before this court twice before after O'Shay Devan Hicks ("Defendant") entered a guilty plea. At the initial sentencing hearing of Defendant on October 9, 2017, the State summarized the facts as follows:

> [O]n or about July 8th, 2015 [P.C.][1] and [L.P.] came in contact with [Defendant]. [P.C.] had the use of her mother's car for the day. She picked up her friend [L.P.]. They were scheduled to drop [P.C.'s] younger sister off at [Defendant's] home. Actually it's his grandmother's house where he was living. The girls arrived at [Defendant's] home to drop off [P.C.'s] younger sister. While they were there or as they were leaving someone asked them if [Defendant] could ride with them to the store. They agreed. They both knew [Defendant] [and] they both had distant family relationship with [him]. He rode in the back seat, [P.C.] was driving, [L.P.] was in the front passenger seat. Initially they went to a convenience store, actually two convenience stores where [Defendant] made a couple of purchases. Ultimately [Defendant] directed the girls to drive past the shooting range to a secluded area. While there [Defendant] pulled out a knife and scared the girls. He then persuaded or enticed them to drive to several other different locations. Ultimately, they were directed back to Rex Waterwell Road. [Defendant] demanded that [L.P.] get out of the car, she did, he got out of the car with her still armed with the knife. He walked [L.P.] into a secluded area or into a shack in the middle of the woods between Dawn Street and Mary Drive. While inside this shack [Defendant] raped [L.P.] vaginally without her lawful consent.

When Defendant left with L.P., P.C. fled the scene and reported what Defendant had done. Shortly thereafter, the police arrested Defendant.

---

[1] Pursuant to the provisions of La.R.S. 46:1844, we will refer to the victims by their initials.

On August 27, 2015, the State charged Defendant by bill of information with forcible rape, in violation of La.R.S. 14:42.1,[2] two counts of second degree kidnapping, in violation of La.R.S. 14:44.1, two counts of armed robbery, in violation of La.R.S. 14:64, and misdemeanor illegal carrying of a weapon, in violation of La.R.S. 14:95.

Initially, on September 3, 2015, Defendant pled not guilty to all counts. However, just before trial on October 9, 2017, Defendant entered into a plea agreement. At that time, Defendant pled guilty to one count of forcible rape and two counts of second degree kidnapping while all other counts were dismissed, and no habitual offender proceeding would be filed. After conducting a thorough *Boykin* examination, the trial court accepted Defendant's plea as being voluntarily and intelligently made and ordered a presentence investigation.

On December 14, 2017, the trial court sentenced Defendant to thirty years at hard labor for forcible rape, with at least two years to be served without benefits, and fifteen years at hard labor on each count of second degree kidnapping. The court ordered that all sentences were to be served consecutively. Following imposition of the sentences, Defendant's oral motion to reconsider sentence was denied by the trial court, and a written motion to reconsider sentence was also denied after a hearing on February 26, 2018.

---

[2] Louisiana Revised Statutes 14:42.1 is now entitled, Second degree rape. Subsection C provides, "For all purposes, 'forcible rape' and 'second degree rape' mean the offense defined by the provisions of this Section and any reference to the crime of forcible rape is the same as a reference to the crime of second degree rape." Subsection C further provides that "[a]ny act in violation of the provisions of this Section committed on or after August 1, 2015, shall be referred to as 'second degree rape.'"

The penalty provision of La.R.S. 14:42.1 also changed. Until July 31, 2015, it stated that "[a]t least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence." Effective August 1, 2015, to July 31, 2020, that proviso was maintained. However, effective August 1, 2020, it stated that the term of imprisonment shall be "without benefit of probation, parole, or suspension of sentence, for not less than five nor more than forty years."

Defendant appealed his sentence, and on March 4, 2020, this court vacated the sentences and remanded the case to the trial court for resentencing upon finding the trial court imposed an indeterminate sentence for forcible rape and failed to impose a restriction of benefits on the sentences for second degree kidnapping. *State v. Hicks*, 19-649, (La.App 3 Cir. 3/4/20) (unpublished opinion).

On remand, the trial court sentenced Defendant to serve thirty years at hard labor for forcible rape, with thirty years to be served without benefits, and fifteen years on each count of second degree kidnapping, with fifteen years to be served without benefits. The sentences were ordered served consecutively but were to run concurrently with any revocation time Defendant was currently serving.[3] After Defense Counsel objected to the sentence, Defendant filed a motion for appeal on October 12, 2021. The trial court denied Defendant's motion for appeal on the ground that it was untimely.

On January 4, 2022, Defendant sought an out of time appeal by filing an application for post conviction relief. On January 12, 2022, the trial court denied the application as untimely. Defendant then filed a writ application with this court. On June 16, 2022, this court granted Defendant's writ application and held that Defendant's pleadings were timely filed with the trial court. We then remanded this matter to the trial court for a hearing pursuant to *State v. Counterman*, 475 So.2d 336 (La.1985).[4] *State v. Hicks*, 22-166 (La.App. 3 Cir. 6/16/22) (unpublished opinion).

---

[3] On May 11, 2015, approximately two months prior to his commission of the present offenses, Defendant pled guilty to attempted armed robbery. At that time, he was sentenced to ten years in the Louisiana Department of Corrections, suspended, and placed on five years supervised probation. On October 19, 2015, after the commission of these present offenses, his probation was revoked.

[4] In *Counterman*, 475 So.2d at 341 (footnote omitted), the court stated:

[T]he appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the delay provided in Article 914 has expired, is an application for post conviction relief pursuant to Articles 924-930.[10]. There are several

After conducting a hearing on June 27, 2022, the trial court granted the present appeal.

## APPELLANT'S ASSIGNMENTS OF ERROR[5]

I. The trial court imposed constitutionally excessive sentences for this young offender who accepted responsibility and pled guilty to one count of forcible rape and two counts of second degree kidnapping.

   A) A thirty (30) year sentence without benefits for forcible rape is excessive.

   B) The consecutive nature of the sentences totaling sixty (60) years' incarceration for one course of criminal conduct is excessive.

II. The trial court erred in imposing consecutive sentences in this case as the crimes occurred on a single day and constituted part of a common scheme or plan.

## APPELLANT'S ARGUMENT

Defendant argues the trial court imposed constitutionally excessive sentences for a young offender who accepted responsibility for his actions and pled guilty.

Defendant asserts he was only twenty-two years of age at the time of the offense, so his youthfulness should have been a mitigating factor in the case. Defendant notes that in *Johnson v. Texas*, 509 U.S. 350, 368, 113 S.Ct. 2658, 2669 (1993), the court stated, "The relevance of youth as a mitigating factor derives from the fact that the signature qualities of youth are transient; as individuals mature, the impetuousness and recklessness that may dominate in younger years can subside." Defendant asserts his youth reduces his criminal culpability.

---

advantages to this procedure. The district attorney is allowed an opportunity to oppose the request (or to concur, if appropriate), and the defendant is afforded an evidentiary hearing to prove his allegations (if the application and supporting documents allege a claim which would entitle the applicant to relief.)

[5] This court granted Defendant's motion to file an additional pro se brief and set a filing deadline of March 24, 2023. Defendant has failed to file an additional brief.

4

Defendant observes that he was classified as a third-felony offender, and he submits his prior offenses were felony theft, for which he received a three-year suspended sentence, and attempted armed robbery, for which he received a ten-year sentence, five of which were suspended. Defendant notes the trial court enumerated the following: Defendant's probation was previously revoked; Defendant received additional charges since his incarceration; Defendant posed an unusual risk to the safety of the public; and Defendant's crimes were exceptionally violent and heinous. Against that backdrop, Defendant points out that the trial court then imposed a thirty-year sentence for forcible rape to be served consecutively to the fifteen years on each count of second degree kidnapping.

In response to the trial court's articulated reasons for sentencing, Defendant further contends that although the trial court focused on the crime and on his criminal history, it failed to give due consideration to his potential for rehabilitation when considering his youth. Defendant also comments that at the hearing on the motion to reconsider, the trial court found an "extreme likelihood" of recidivism in this case. In face of that assertion, Defendant argues there was not a sufficient factual basis in the record for the trial court to make such a finding, and the result of this was a virtual life sentence for a twenty-two year old offender.

Defendant argues his actions on the day of the offenses were not typical because his personality changed after ingesting drugs. Defendant further argues the trial court failed to consider the following mitigating factors: he earned his GED while incarcerated; he has been a mentor and tutor to others in prison; he has a young child who needs his guidance and support; he was remorseful and has potential for rehabilitation given his youth; and he accepted responsibility for his actions and spared the victims the necessity of testifying at trial. Accordingly, Defendant asserts

5

his sentences are excessive because he would remain incarcerated until he is over eighty years of age.

Defendant suggests that his thirty-year sentence for forcible rape should be reduced to a mid-range sentence for an offender who accepted responsibility for his actions and pled guilty. And he further argues all his sentences should be served concurrently because the consecutive nature of the second degree kidnapping sentences subject him to an aggregate, constitutionally excessive sentence.[6] Thus, Defendant argues the trial court abused its discretion by imposing sixty years for a remorseful, young offender with the potential for rehabilitation.

Defendant further argues the trial court erred when it imposed consecutive sentences in this case because the crimes constituted part of a scheme or plan. Defendant claims the offenses occurred on a single day, within a short period of time, and were one series of events. Defendant argues there is a presumption in favor of concurrent sentences and asserts the record does not justify consecutive sentences.

After acknowledging that the trial court has discretion to impose consecutive penalties, Defendant argues the trial court did not articulate circumstances which justify the imposition of consecutive sentences. Rather, Defendant asserts his conduct was based on the same act or transaction or constituted a common scheme. Thus, Defendant urges us to find that the trial court should have imposed concurrent sentences.

### APPELLEE'S POSITION

The State argues Defendant's thirty-year sentence is appropriate when considering several applicable aggravating factors in the case. First, the State asserts

---

[6] At no point does Defendant argue that the trial court's imposition of fifteen-year sentences for each crime of second degree kidnapping by itself was excessive.

Defendant's conduct was deliberately cruel to the victims because they were distant family members who pleaded with him to stop. Despite the victims' pleas, Defendant continued to commit the crimes. Second, Defendant violently threatened the victims with a knife and further threatened to kill them and their families if they reported the crimes. Third, the offense resulted in significant emotional injuries to both victims. Fourth, Defendant used a knife, a dangerous weapon, in the commission of the crimes. Fifth, the State asserts the offense involved two victims and two separate crimes, kidnapping and forcible rape. Additionally, the State asserts none of the mitigating factors enumerated in La.Code Crim.P. art. 894.1 apply to Defendant.[7] The State further points out that Defendant has a prior felony history and was on probation when these new offenses occurred.

The State also directs this court's attention to a comparable sentence in another similar case. In *State v. Steele*, 10-1336 (La.App. 3 Cir. 5/4/11), 63 So.3d 412, the victim was walking home from a drugstore when the defendant offered her a ride home in his vehicle. Instead of taking her to her residence, the defendant took her to a gravel road, stopped the car, and exited the vehicle; he then hit the victim in the face, covered her mouth, took off her clothes, and raped her repeatedly. The defendant threw the victim's purchases out and left her there. The defendant agreed to plead guilty to one count of forcible rape when the State agreed not to pursue other charges. This court affirmed the thirty-year sentence at hard labor without benefits.

As to the consecutive nature of the sentences, the State asserts this case involves two independent crimes and meets other factors for consecutive sentencing.

_____

[7]Louisiana Code of Criminal Procedure Article 894.1 provides a list of factors the trial court could consider when imposing a sentence. This article also allows the trial court to consider any other relevant mitigating circumstance.

7

Therefore, the State argues, the trial court did not err in imposing a thirty-year sentence for forcible rape and for ordering the sentences to run consecutively.

## APPLICABLE LAW

Under La.R.S. 14:42.1(B), "Whoever commits the crime of [forcible rape] shall be imprisoned at hard labor . . . for not less than five years nor more than forty years." Under La.R.S. 14:44.1(C), "Whoever commits the crime of second degree kidnapping shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence."

Excessive sentence review was fully explored in *State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06 (footnote added), *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261, and provided the following guidelines:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.

8

5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183.[8] In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

## ANALYSIS

*Excessiveness of sentence*

As this court has adopted the *Baker* three-factor test in the review of a defendant's sentence for excessiveness, we will consider those factors in the present case.

*The nature of the crime*

At Defendant's December 14, 2017 hearing, the trial court found Defendant's crimes of forcible rape and two counts of second degree kidnapping were exceptionally violent and heinous. It observed that Defendant threatened the two victims with a knife and forced them to drive him to several successive and secluded locations, and during one stop, he forcibly raped one of the victims.

---

[8] In *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *and writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three-factor test enunciated in *Lisotta*, 726 So.2d 57.

*The nature and background of the offender*

The record shows that the trial court stated it had reviewed the presentence investigation report and noted that this was Defendant's third felony conviction—the first being felony theft and the second being attempted armed robbery. It also noted that Defendant was on probation when he committed these most recent crimes and that probation had been revoked. Additionally, the trial court observed that Defendant had received further charges since his incarceration, namely for taking contraband to or from a penal facility and battery of a correctional officer. After considering Defendant's prior convictions and the revocation of his probation, the trial court concluded there was an undue risk that during any period of suspended sentence or probation, Defendant would commit another crime and place the public in danger.

*Comparison of the sentences to other similar crimes*

In *State v. Breaux*, 17-406 (La.App. 3 Cir. 11/2/17), 232 So.3d 675, *writ denied*, 17-1967 (La. 10/15/18), 253 So.3d 1309, the defendant was originally charged with aggravated rape, but the defendant entered a plea of no contest to the lesser charge of second degree rape. The defendant was sentenced to thirty-five years at hard labor, with the first ten years to be served without benefits. This court noted the defendant's crime was the vaginal rape of a twelve-year-old girl who was unable to resist or defend herself against the twenty-five year old defendant. This court noted the trial court found the defendant's crime to be "despicable and heinous" and that the defendant's conviction was his second felony conviction. In affirming the sentence, this court held the defendant received a substantial benefit in accepting a plea agreement that reduced his exposure from life imprisonment to a maximum of forty years imprisonment.

10

In *State v. Vallery*, 04-1589 (La.App. 3 Cir. 4/6/05), 899 So.2d 836, the defendant pled guilty to forcible rape and was sentenced to thirty-five years without benefits. In affirming the sentence, this court noted the defendant received a significant benefit by reducing his sentence exposure, and this court found the defendant's conduct toward an eleven-year-old victim was more accurately described as conduct constituting aggravated rape. Considering the significant benefit gained by the defendant, this court found the trial court did not abuse its discretion in imposing a sentence of thirty-five years.

In *State v. Parfait*, 52,857 (La.App. 2 Cir. 8/14/19), 278 So.3d 455, *writ denied*, 19-1659 (La. 12/10/19), 285 So.3d 489, the defendant pled guilty to second degree rape and was sentenced to forty years without benefits. The second circuit found the trial court did not abuse its discretion in sentencing the defendant to the maximum sentence and noted the trial court considered the following: the graphic details of the acts committed by the defendant, the testimony of one of the victims, letters from the family of the other victims, and a letter written by the defendant's ex-wife, which was not complimentary. The trial court also considered certain mitigating factors such as: the defendant's lack of criminal history, his military and work history, letters from his family, and testimony of a friend. The second circuit affirmed the sentence and found it was not constitutionally excessive.

After reviewing this jurisprudence, we find Defendant's forcible rape sentence is comparable to those imposed in those cases. In the present case, the trial court indicated that it had considered the victim impact statements along with other aggravating and mitigating factors. As to factors in mitigation, the defense counsel called Defendant's mother to testify at the sentencing hearing. At that time, she read from her letter which was addressed to the trial court. In this letter, Defendant's

11

mother requested mercy and an opportunity for Defendant to raise his child. Defendant's mother also indicated that since his incarceration, Defendant was a tutor, mentor, and received his GED. In addition, the court allowed Defendant to make a statement on his behalf. At that time, Defendant stated he was sorry for all the pain he had caused and wanted to apologize to the family for the wrongs he caused.

While the record shows the trial court did not necessarily review every possible mitigating factor, such a review is not necessary under the law. In *State v. Wortham,* 47,431, pp. 4-6 (La.App. 2 Cir. 11/14/12), 107 So.3d 132, 135–36 (emphasis added), the second circuit provided a useful recitation of law:

> **Where the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even where the trial court has not fully complied with the sentencing guidelines of La.C.Cr.P. art. 894.1**. *State v. Lanclos,* 419 So.2d 475 (La.1982); *State v. McGraw,*[616 So.2 262 (La.App 2 Cir. 1993).] The important elements which should be considered are the defendant's personal history, prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. McGraw, supra.* The trial court is not required to weigh any specific matters over other matters. *State v. Moton,* 46,607 (La.App.2d Cir. 9/21/11), 73 So.3d 503, *writ denied,* 11–2288 (La. 3/30/12), 85 So.3d 113; *State v. Caldwell,* 46,645 (La.App.2d Cir. 9/21/11), 74 So.3d 248, *writ denied,* 11–2348 (La. 4/27/12), 86 So.3d 625.
>
> . . . .
>
> **When a defendant has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense**. *State v. Fatheree*, [46,686, p. 6 (La.App. 2 Cir. 11/2/11), 77 So.3d 1047, 1051]*; State v. Germany,* 42,239 (La.App.2d Cir.4/30/08), 981 So.2d 792.
>
> . . . .
>
> Despite the lack of a specific recitation of the 894.1 factors by the court, we find an adequate factual basis for the imposed sentence on the record before us. Before his guilty plea, the court obtained information from Wortham regarding both his age and education. Thus, the record adequately demonstrates the court's awareness of

12

Wortham's youth and educational history. Furthermore, the facts as set forth in the record by the State clearly indicate that Wortham sold only $20 worth of crack cocaine to a confidential informant. Thus, the court also understood the amount of drugs and money involved in the transaction. The court had knowledge of Wortham's criminal history as it conducted his probation revocation hearing immediately after sentencing. Accordingly, consideration by the trial court of the important elements including Wortham's personal history, prior criminal record and seriousness of offense are evident from the record before us and provide a sufficient factual basis for the imposed sentences.

As reflected in the jurisprudence, a trial court has great discretion when imposing a sentence for a pled offense. Our review of the record shows an adequate factual basis for the sentence imposed and reveals that Defendant received a significant reduction in confinement by pleading guilty to forcible rape. For these reasons, we find the trial court did not abuse its discretion when it sentenced Defendant to thirty years without benefits for forcible rape.

*Consecutive nature of the sentences*

We now turn our attention to the trial court's imposition of consecutive sentences for forcible rape and kidnapping. Louisiana Code of Criminal Procedure Article 883 provides, in pertinent part:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.

In *State v. Simpson*, 50,334, pp. 7-8 (La.App. 2 Cir. 1/13/16), 186 So.3d 195, 200-01, the second circuit summarized the law with regard to concurrent and consecutive sentences:

> Concurrent sentences arising out of a single course of conduct are not mandatory. *State v. Parker,* 42,311 (La.App.2d Cir.8/15/07), 963 So.2d 497, *writ denied,* 2007–2053 (La.3/7/08), 977 So.2d 896[.] [A]nd consecutive sentences

under those circumstances are not necessarily excessive. *State v. Williams,* 445 So.2d 1171 (La.1984). Among the factors to be considered are the defendant's criminal history, *State v. Ortego,* 382 So.2d 921 (La.1980), *cert. denied,* 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); *State v. Jacobs,* 493 So.2d 766 (La.App. 2d Cir.1986); the gravity or dangerousness of the offense, *State v. Adams,* 493 So.2d 835 (La.App. 2d Cir.1986), *writ denied,* 496 So.2d 355 (La.1986); the viciousness of the crimes, *State v. Clark,* 499 So.2d 332 (La.App. 4th Cir.1986); the harm done to the victims, *State v. Lewis,* 430 So.2d 1286 (La.App. 1st Cir.1983), *writ denied,* 435 So.2d 433 (La.1983); whether the defendant constitutes an unusual risk of danger to the public, *State v. Jett,* 419 So.2d 844 (La.1982); the potential for the defendant's rehabilitation, *State v. Sherer,* 437 So.2d 276 (La.1983); *State v. Lighten,* 516 So.2d 1266 (La.App. 2d Cir.1987); and whether the defendant has received a benefit from a plea bargain. *State v. Jett, supra*; *State v. Adams, supra.*

When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. *State v. Johnson, supra*; *State v. Boudreaux,* 41,660 (La.App.2d Cir.12/13/06), 945 So.2d 898. The failure to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences. See *State v. Boudreaux, supra.*

Unless there are specific reasons for a longer sentence, concurrent sentences rather than consecutive sentences are appropriate for convictions arising out of a single course of conduct, at least for a defendant with no prior criminal record and in the absence of a showing that public safety requires a longer sentence. *State v. Armstead,* 432 So.2d 837 (La.1983); *State v. Cathey,* 569 So.2d 627 (La.App. 2d Cir.1990).

In *State v. Henson*, 19-881, pp. 14-16 (La.App. 3 Cir. 6/3/20), 298 So.3d 844, 852-53, *writ denied*, 20-785 (La. 11/18/20), 304 So.3d 422, this court addressed whether the trial court erred by imposing consecutive sentences for offenses that arose from a single act or transaction:

Prior to imposing sentence, the trial court discussed how Defendant's drug addiction had dissolved into something beyond addiction, noting:

You've digressed into something that is horrible. You're obviously not the person that your mother worries about. On the good side, if there is such a thing, is that he didn't die as a consequence of what you did.

You're lucky. You're lucky those people were there the next morning to find him. At that age, under those conditions, he could have died. And then the sentencing would have been a lot easier here this morning, been very simple; you'd be going away for the rest of your life.

Your criminal record is quite extensive; burglary, robbery, unauthorized use of a movable, theft.

Based on what the Court has seen, based on the record, based on the facts that were presented at the trial I have no choice but to sentence you as follows[.]

As this court noted in *State v. Bethley*, 12-853, p. 11 (La.App. 3 Cir. 2/6/13), 107 So.3d 841, 850, "[t]he imposition of consecutive sentences, however, requires particular justification beyond the standard sentencing guidelines, justification which must be articulated by the trial court at sentencing." Any such articulated justification is lacking in the instant case. The last sentence of the trial court's lead-in to the actual imposition of sentence cannot be described as particular justification; the language speaks only in generalities. The trial court did not elaborate during the hearing on Defendant's motion to reconsider, simply stating "I've thought about it some more, but I don't think I need to change my mind on it." We hold the trial court's failure to articulate why it felt Defendant's sentences for aggravated burglary and home invasion should be run consecutively, despite being based upon the same entry into the victim's home, renders Defendant's sentences improper as imposed . . . . Defendant's sentences for aggravated burglary and home invasion are reversed and the case is remanded to the trial court to either impose concurrent sentences or to articulate justification for the consecutive sentences.

Also, in *State v. Walker*, 00-3200, p. 1 (La. 10/12/01), 799 So.2d 461, 461–

62, the supreme court noted:

Although La.C.Cr.P. art. 883 favors imposition of concurrent sentences for crimes committed as part of the same transaction or series of transactions, a trial court retains the discretion to impose consecutive penalties in cases in which the offender's past criminality or other circumstances in his background or in the commission of the crimes justify treating him as a grave risk to the safety of the community.

In the present case, the facts indicate the offenses stem from the same act or

transaction. Therefore, the trial court was required to provide particularized

15

justification beyond the standard sentencing guidelines to support the imposition of consecutive sentencing.

After carefully reviewing the record, we find the trial court properly complied with La.Code Crim.P. art. 883. At the December 14, 2017 sentencing hearing, the trial court provided further reasons for the consecutive nature of the sentences and found the following: Defendant knew both victims; he threatened to kill the victims with a knife; he threatened to kill them and their mother if they told anyone about what he did; he raped one of the victims; he is a third-time felony offender; he is a danger to the community; and he committed horrible acts which justify a consecutive sentence. Unlike our conclusion in *Henson*, we find the trial court properly complied with La.Code Crim.P. art. 883, and provided articulated, particularized justification, beyond the standard sentencing guidelines, for imposition of consecutive sentences.

## ERRORS PATENT REVIEW

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we found there are no errors patent.

## DECREE

For the foregoing reasons, we affirm Defendant's convictions and sentences.

**AFFIRMED.**

16